# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### APRIL 1999 SESSION

FILED

June 3, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9805-CR-00227 |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, |
| JOHN C. CONE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:     FOR THE APPELLEE:

**ROBERT T. VAUGHN**
176 Second Ave., North
Suite 500
Nashville, TN 37201

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MARVIN E. CLEMENTS, JR.**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON, III**
District Attorney General

**S. CARRAN DAUGHTREY**
Asst. District Attomey General
Washington Square, Suite 500
222 Second Ave., North
Nashville, TN 37201

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was charged with vandalism, three counts of aggravated assault, and two counts of assault. Pursuant to a plea agreement, he pled guilty to vandalism and two counts of aggravated assault, receiving a sentence of one year on the vandalism count and four years on each aggravated assault count, to be served concurrently. Following a sentencing hearing to determine the manner of service, the trial court denied probation. The defendant now appeals, arguing that the trial court erred in denying probation because it perceived inconsistencies in the defendant's statements and did not allow the defendant to clarify the evidence through his statutory right of allocution prior to sentencing. Finding no error, we affirm.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments.

Here, the trial court denied probation because it found the defendant was "not straight" with the court and court officers on various occasions. Specifically, the court questioned the defendant's representations to the court and to the presentence report officer regarding the facts underlying the offenses. According to the official version of the facts in the presentence report, the defendant, as aggressor, attacked and physically harmed his girlfriend. According to the defendant's version of the facts in the

2

presence report, however, his girlfriend attacked him and essentially hurt herself in the process. At the sentencing hearing, the trial court questioned the defendant's version of the facts when compared to the official version of the facts, which the State had enumerated and the defendant had admitted were true during the guilty plea hearing. Defense counsel maintained that the defendant pled guilty because he believed it was in his best interest, but the trial court reiterated that the defendant submitted to the court a guilty plea, not a best interest plea, thus admitting the State's version of the facts. The record does not contain a guilty plea hearing transcript, without which this Court must presume that the evidence supported the trial court's determination that the defendant misrepresented the facts underlying the offenses. See State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991).

The record also reflects that the trial court found the defendant to be untruthful regarding a random drug screening the defendant failed while on house arrest awaiting sentencing. According to the sentencing hearing testimony of Michael Larko, who was involved with supervising the defendant while he was on house arrest, the defendant failed a random drug screen for cocaine while on house arrest. When Mr. Larko asked the defendant whether he had used cocaine, the defendant replied that some of his friends had been smoking crack cocaine in his house and that his positive drug test result must have been due to second-hand smoke. The defendant later told the presentence report officer a different story: that he had "unknowingly smoked a cigarette laced with cocaine."

Untruthfulness reflects poorly on a defendant's potential for rehabilitation, which is a relevant consideration in determining whether alternative sentencing is appropriate. T.C.A. § 40-35-103(5); State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim.

3

App. 1994). Because untruthfulness is a valid reason for denying probation, the trial court was justified in imposing incarceration instead of probation. See State v. Chrisman, 885 S.W.2d 834, 840 (Tenn. Crim. App. 1994).

The defendant contends that the trial court improperly concluded he was being untruthful without first allowing him an opportunity to address the court through his statutory right to allocution. Section 40-35-210 provides that one of the factors the court "shall" consider in imposing a sentence is "[a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing." T.C.A. § 40-35-210(b)(6). Initially, we note that neither the defendant nor his attorney clearly expressed that the defendant wished to address the court prior to sentencing. The record merely reflects two rather ambiguous declarations that the defendant intended, at some point, to address the court.[1] When it became apparent that the trial court would sentence the defendant even though the defendant had not yet addressed the court, the defendant failed to object.

Even so, because any statement the defendant wishes to give must be considered in imposing a sentence, the trial court has a statutory duty to entertain any statement by the defendant prior to sentencing. See § 40-35-210(b)(6). Here, the trial court failed to do so by not providing the defendant with an opportunity to address the court, despite the fact that the defendant did not specifically request one. Still, the trial court's error was harmless. The defendant is complaining that because the trial court based its decision to deny probation on perceived inconsistencies in the evidence, he should have been given an opportunity to clarify the inconsistencies in the evidence. The

---

[1] After the last defense witness, the defendant's attorney stated that "subject to the defendant's right of elocution [sic] prior to sentencing, we have nothing further," at which point the court entertained the attorneys' arguments. During the defense argument, defense counsel briefly mentioned that the defendant did not deny that the offenses occurred and that the defendant "will discuss that with you." Still, no request for allocution was made. Shortly thereafter, the trial court pronounced the defendant's sentence.

4

only way he could have done so, however, would have been to testify under oath and present his own evidence, which he chose not to do. His statements during allocution, which is not sworn testimony, would not have carried the weight of proof and thus would not have clarified the record. Thus, even assuming that the defendant had been afforded the opportunity to address the court via allocution, the inconsistencies in the evidence would remain, providing ample justification to deny probation. See Chrisman, 885 S.W.2d at 840.

Finding no reversible error, the trial court's judgments are affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
J. CURWOOD WITT, JR., Judge

5